UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JULIAN BUSH,

                Plaintiff,

v.

NEW YORK CITY POLICE DEPARTMENT; FBI,

                Defendants.

**ORDER**

25-CV-3581 (LDH)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Plaintiff Julian Bush brings this *pro se* action, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 1, 2.) For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied. To proceed with this action, Plaintiff is granted until November 17, 2025, to either file a Long Form IFP application or to pay the $405.00 filing fee.

    "The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this district often treat that dismissal provision as applicable when a litigant's statement of assets fails to establish the level of poverty required under the IFP statute. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).

Here, the IFP application that Plaintiff has submitted does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. (*See generally* ECF No. 2.) As an initial matter, Plaintiff includes no information in the sections concerning whether he earns income; states that he does receive other income, without providing any details as to this source of income; and writes that he has -$3.75 in a checking or savings account. (*Id.* ¶¶ 2-4.) Moreover, in the section seeking information regarding any assets, Plaintiff includes no information. (*Id.* ¶ 5.) Plaintiff, in the section seeking information regarding monthly expenses, writes that he pays $2900 for rent, has loans in the amount of $299,244, and includes miscellaneous expenses in the amount of $1,306. (*Id.* ¶ 6.) In addition, in the section seeking information about debts or financial obligations, Plaintiff writes that he has a total of $303,450 in debts or financial obligations but fails to include any information as to whom his debts are payable. (*Id.* ¶ 8.) Plaintiff's responses do not give the Court an accurate picture of Plaintiff's financial situation and the Court is unable to determine if Plaintiff is able to afford to pay the $405.00 filing fee. *See Dan M. v. Kijakazi*, No. 22-CV-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022) ("When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to in forma pauperis status.").

Accordingly, Plaintiff's IFP application is denied. To proceed with this action, Plaintiff is granted until November 17, 2025, to either file a Long Form IFP application or to pay the $405.00 filing fee. If Plaintiff fails to file a Long Form IFP or pay the filing fee within the time allowed or fails to request an extension of time to respond to this Order, the action will be dismissed without prejudice.

The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 4, 2025

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

3