UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JULIAN BUSH,

Plaintiff,

v.

NEW YORK CITY POLICE DEPARTMENT; FBI,

Defendants.

**MEMORANDUM AND ORDER**

25-CV-3581 (LDH)(SDE)

LASHANN DEARCY HALL, United States District Judge:

On June 25, 2025, Plaintiff Julian Bush ("Bush" or "Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the New York City Police Department ("NYPD") and the Federal Bureau of Investigation ("FBI") concerning an alleged 2023 search, seizure, and arrest at his home. He seeks damages. For the reasons stated below, the complaint is dismissed with leave to file an amended complaint by September 14, 2026.

## BACKGROUND[1]

Plaintiff, a resident of Brooklyn, alleges that the "NYPD illegally entered [his] apartment with a false warrant[,] searched and seized items from [his] home, and arrested [him] and held [him] for 27 hours without [a] phone call." (Compl. at 4, ECF No. 1.). Although the Complaint appears to be missing a page, *id.* at 5 (facts are "continued on separate paper"), it alleges that Sergeant Detective Taveras of the NYPD knocked on the door of his apartment around 10 PM and said he needed to speak with "Sharife Caldwell" ("Caldwell"). *Id.* After Plaintiff returned with Caldwell, Sergeant Detective Taveras "showed [him] a single piece of paper that [Sergeant Detective Taveras] said was a warrant to arrest Sharife [Caldwell] from a prior failure to appear

[1] The following allegations are taken from the complaint and are assumed to be true for the purpose of this opinion.

in court two years" before but the paper presented was a "BJs receipt" not a warrant. *Id*. Plaintiff alleges that the officers "began to cuff" Caldwell after allowing Caldwell to change his clothes and "grab his bag." *Id.* Plaintiff states these events took place on June 14, 2023. *Id*. The complaint does not provide any details of Plaintiff's arrest beyond stating that he was "held for 27 hours" without his medication and was not permitted to make a telephone call. *Id.* at 4, 6. Plaintiff also alleges without factual enhancement that the FBI "wiretapped" and "illegally surveilled" his apartment for two years. *Id.* at 4. The complaint is silent as to the address of the apartment at which the events occurred, Plaintiff's relationship with Caldwell, the reason for Plaintiff's arrest, and the result of any charges.

Plaintiff seeks damages for the "illegal search and seizure," "electronic surveillance," the "destruction of [illegible] sneakers" and their boxes and containers, and "anguish and public humiliation." *Id.* at 6.

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.' " *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). And under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*"). (Compl. at 4.) "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential

elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.' " *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). " 'It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006)). To state a *Bivens* claim, a plaintiff must plausibly allege a "depriv[ation] of a constitutional right by a federal agent acting under color of federal authority," and that "the individual defendant[s were] personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citations omitted). Plaintiff names two defendants, the NYPD and the FBI but, as set forth below, both must be dismissed.

Plaintiff's Section 1983 claims against the NYPD are dismissed because the NYPD is not a suable entity. Federal courts look to state law to determine whether a municipal entity is amenable to suit in federal court. Fed. R. Civ. P. 17(b)(3). Here, the New York City Charter (the "Charter") is the relevant authority. *See, e.g., Ximines v. George Wingate High Sch*., 516 F.3d 156, 160 (2d Cir. 2008). The Charter provides that actions and proceedings to recover penalties for legal violations shall be brought against the City of New York and not any agency thereof, except where otherwise provided by law. N.Y.C. Charter Ch. 17, § 396. Therefore, the NYPD, as an agency of New York City, is not a "suable" entity. *See e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Bailey v. New York City Police Dept.*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (same). Accordingly, the complaint against the NYPD is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The United States of America is immune from suit, and "hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir.1998) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Therefore, federal courts are barred from hearing all suits against the federal government, including suits against any part of the federal government, such as the FBI, except where sovereign immunity has been waived. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." (citing *FDIC. v. Meyer,* 510 U.S. 471, 484-46 (1994)). Relatedly, to the extent that Plaintiff seeks to assert a claim under *Bivens*, the claim may only be brought against federal officials in their individual capacities, not the United States or an individual federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (*Bivens* does not imply cause of action against the federal government or its agencies). Because the FBI is a federal agency, the plaintiff's claims against the FBI must be dismissed. *Arutyunyan v. Fed. Bureau of Investigation of New York State*, No. 17-CV-5009, 2017 WL 6611321, at *2 (E.D.N.Y. Oct. 18, 2017) (vacated on other grounds).

Although the complaint has been dismissed against the only defendants Plaintiff has named, considering Plaintiff's *pro se* status, Plaintiff is afforded leave to amend his complaint to set forth a claim against proper defendant(s) under Section 1983 and/or *Bivens*. See Fed R. Civ. P. 15(a); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (citation omitted).

In any amended complaint, Plaintiff must set forth the legal basis and factual allegations in a clear and concise manner in order to support his claim against each defendant he names.

Additionally, Plaintiff must state the relief that he is seeking with respect thereto. Plaintiff must omit claims related to Caldwell; he may not bring claims on behalf of another.

Plaintiff must name those individuals who were allegedly involved in the deprivation of *his* federal rights as the defendants in the caption and in the "Statement of Claim." If Plaintiff seeks to bring a false arrest claim, he must state the date and location of his arrest and name the arresting officer(s) as a defendant. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. For each defendant named, Plaintiff should include a brief description of what each defendant did or failed to do, the date, including the year, that the incident occurred, where the defendant is employed, and how the defendant's acts or omissions caused Plaintiff injury.

Plaintiff is granted leave to file an amended complaint by September 14, 2026. Plaintiff is advised that any amended complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 25-CV-3581 (LDH)(SDE).

## CONCLUSION

For the reasons described above, Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and he may file an amended complaint by September 14, 2026. If Plaintiff fails to timely file an amended complaint or show good cause why he cannot comply within the time allowed, judgment shall be entered closing this case.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance. The Court notes

that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail this Order and a form Civil Rights Complaint for actions to Plaintiff.

SO ORDERED.

**CONCLUSION**

SO ORDERED.

Dated: Brooklyn, New York
August 14, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge